### CROSS v. LEVERICH REALTY CORPORATION et al.

No. 3751.

District Court, E. D. New York.

June 3, 1930.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Nathan Marks and Julius L. Rassner, both of Brooklyn, N. Y., of counsel), for receiver.

I. J. Ginsberg, of Brooklyn, N. Y., for Max Oestreicher.

GALSTON, District Judge.

These are cross-motions, that brought by the receiver for confirmation of the report of the special master, and that on behalf of Max Oestreicher, a mortgagee, on exceptions to the special master's report.

On June 20, 1928, a receiver in equity was appointed herein to take possession of the assets of the defendant the Leverich Realty Corporation. Among other property included in those assets was the real property known as 650 East Twenty-First street, in the borough of Brooklyn. The premises consisted of an apartment house in which there were twenty or more suites occupied by tenants.

At the time of the appointment of the receiver there was a first mortgage lien in the sum of $80,000 held by the Brooklyn Savings Bank, and a consolidated second mortgage of $30,000 held by one Max Oestreicher, the moving party herein.

It was not until October 4, 1928, that the said Oestreicher moved for an order to segregate the rents, income, and profits derived from the premises in question. The order when entered provided that the segregation take effect as of September 12, 1928.

On September 23, 1929, Oestreicher commenced an action in the state court to foreclose the second mortgage, and thereafter, on December 18, 1929, the property was sold in foreclosure to him for the sum of $500. A deficiency judgment in the foreclosure action was presented by Oestreicher against the Brookhold Mercedes Holding Corporation for the sum of $35,577.19, with interest from December 19, 1929.

Thereafter in this equity proceeding an application was made by Oestreicher for an order to compel the receiver to account for the rents, profits, and income received by him from the aforesaid premises. The matter was referred to the special master. The account of the receiver, as filed before the special master, showed rents collected under the order of segregation in the aggregate of $21,872.52, and expenses of $19,043.16, leaving, therefore, a balance in the hands of the receiver of $2,829.36.

The objections filed by Oestreicher to the report of the special master may be grouped as follows:

(1) That the item aggregating $1,073.89, designated in Schedule E of the receiver's report as "administration" expenses, should be disallowed.

(2) That the special master was in error in overruling Oestreicher's objection that interest on the first mortgage for the period from the date of the receiver's appointment to the time from which he was directed to segregate the rents and profits should be charged out of the general fund instead of the segregated fund. That the special Master

was likewise in error in overruling the objection that taxes and the interest thereon during that same period, and the costs in the action to foreclose the first mortgage, should all be paid by the receiver out of the general fund instead of the segregated fund.

(3) That the receiver's commission should be 5 per cent. on the amount which he collected from the date of the segregation order to the date of the delivery of the premises to the purchaser, less administration expenses and disbursements incurred by the receiver.

(4) That the fee of $500 recommended to be paid to the attorneys for the receiver should be in part paid out of the general fund and in part out of the segregated fund in the ratio of the period from the date of the receiver's appointment until the date of the entry of the order of segregation, and from the latter time to the time of termination of the receiver's possession of the property.

The principles of law in respect to accountings such as are applicable in the circumstances presented herein are found in Atlantic Trust Co. v. Dana (C. C. A.) 128 F. 209, 219, in which Circuit Judge Van Devanter (now Mr. Justice Van Devanter) wrote:

"A pledge of income does not become effective so long as the mortgagor is permitted to remain in possession of the property and to receive and disburse the earnings. * * * For the same reason the pledge is not operative so long as the mortgagee, by remaining silent, acquiesces in the possession of the property and the collection of the income by a receiver for purposes other than the satisfaction of the mortgage debt. Sage v. Memphis & Little Rock R. R. Co., 125 U. S. 361, 378, 8 S. Ct. 887, 31 L. Ed. 694."

█ It must follow that the receiver was entitled to credit to the general fund the income which he collected from the premises in question herein, from the time of his appointment to the time from which the order of segregation dated. He was under no obligation on his own initiative to segregate such funds. It follows that the claimant's application to have taxes, interest, as well as costs in connection with the foreclosure of the first mortgage, paid out of the general fund for the period from the date of the appointment of the receiver to the time of segregation, was properly denied by the special master.

█ As to the other three items involved, administration expenses, 5 per cent. commission to the receiver on amounts collected, and attorneys' fees of $500, no question is raised

as to the reasonableness of those items. The question is whether or not part of them should be paid out of the segregated fund. The claimant contends that to allow the receiver administration expenses and a commission of 5 per cent. is in effect a duplication. I cannot view it in that light. As explained before the special master, "administration" expenses constituted the proportionate share of the general overhead which the receiver allocated to the management of the property. It was not compensation to him in any sense. He was entitled to compensation. Likewise, since he required the assistance of counsel, and since that item of expense was not included in "administration" expenses, he should likewise be allowed a reasonable fee for counsel.

In the circumstances, the objections are overruled, and the motion for confirmation of the special master's report is granted.

Settle order on notice.